IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES DINKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv424 |
| FRANK LARA, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Dinkins, an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the action be dismissed for want of prosecution.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff has failed to diligently prosecute this action. Plaintiff was warned of the potential dismissal of his lawsuit for failing to comply with the order to pay an initial partial filing fee. Such warning, however, has proven futile in prompting the diligent prosecution of this case.

In his objections, plaintiff claims he paid the initial partial filing fee.  However, the fee has not been received by the court despite waiting more than four months after plaintiff claims it was paid.  Additionally, plaintiff has failed to submit anything other than his conclusory allegation that he attempted to pay the initial partial filing fee.  Plaintiff has failed to submit any evidence, such as a withdrawal slip, showing he made any attempt to comply with the order.  Further, since filing his objections, plaintiff has failed to notify the court he has taken any action to ensure the initial partial filing fee was paid or explain why it was not.

The court has considered lesser sanctions but finds no lesser sanction appropriate because plaintiff has failed to comply with the initial requirement for all litigants, to pay the required filing fee or, as required under the PLRA, submit a properly certified application to proceed *in forma pauperis* and pay an initial partial filing fee.  Accordingly, the action should be dismissed for want of prosecution.

Alternatively, plaintiff's action should be dismissed as barred by limitations.  This action was filed as the result of plaintiff attempting to amend his complaint in a previous action to add a claim against the United States under the Federal Tort Claims Act.  However, a final judgment had been entered in the action more than five months prior to plaintiff's attempt to amend his complaint to bring an action under the FTCA on February 19, 2019.  Plaintiff attached to his amended complaint a copy of his Administrative Tort Claim which was dated November 29, 2017, approximately fifteen months before he submitted the complaint which forms the basis of this action.

The statute of limitations for a tort claim against the United States provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (1994).  "[T]his statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial."  *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)).  "It is well-settled that these limitation periods are jurisdictional."  *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998).  Plaintiff's complaint, filed February 19, 2019, was not filed within six months of the November 29, 2017 denial of his claim concerning a May 13, 2016 incident.

Plaintiff claims he is a "*pro se* litigant with no experience of the law."  Additionally, plaintiff claims he filed his original complaint without assistance.  However, it is well-settled that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  Plaintiff has submitted no legitimate reason for tolling of the limitations period.  Plaintiff has failed to diligently pursue his claims.  Accordingly, plaintiff's claim is barred by the applicable statute of limitations.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **17** day of **August, 2020.**

Thad Heartfield
United States District Judge